Andrews, J.
“The plea of not guilty puts in issue the general character (reputation) of the plaintiff, and therefore upon a plea of not guilty only, the defendant might give in evidence in mitigation the general bad character (reputation) of the plaintiff before and at the time of the publication complained of” (Townshend on Slander and Libel, §406). Under the present system of pleading there is no plea of not guilty, and if the allegation of good character in the complaint were not denied in the answer, might be considered to have been admitted, and the defendant might not be permitted to prove the plaintiff’s bad character in mitigation of damages.
If the plaintiff did not wish to have the allegation of good reputation denied he should not have inserted it in his complaint. At all events the plaintiff cannot be prejudiced by the denial, for the defendant can certainly prove the plaintiff’s bad reputation in mitigation, if that fact be so pleaded, and perhaps if not pleaded. Whereas, as the defendant may be prejudiced by striking out the denial, he should have the benefit of the doubt, and the denial should be allowed to stand. With regard to the second branch of the motion, I think the plaintiff’s counsel is mistaken in saying that the sixth paragraph of the answer is a plea of justification of a charge “not in issue.”
The complaint alleges that the defendant, for the purpose of holding the plaintiff up to scorn, ridicule and contempt, and to cause it to be believed that the plaintiff was an adventurer, etc., and for the purpose of injuring the plaintiff *188 in his business, wrongfully, unlawfully and maliciously published among other false and defamatory matters of and concerning the plaintiff, “the following false, defamatory and libellous words, that is to say: ”
Then follows an article in German, with a translation into English, of which the first sentence is as follows: “The notorious Paul Schoeppe, who for about seventeen years has made acquaintance with the criminal courts and penitentiaries in a number of the states of the Union, after having suffered punishment for a crime in a prison in Prussia, is again spoken of in the western press.” The remainder of the article is then set forth, and is followed by innuendoes as to the meaning of various portions of it, all of which relate to matters entirely disconnected with, those referred to in the sentence above quoted.
The statements contained in that sentence, if not true, are highly libellous per se, and no extrinsic averment is necessary to show that they tend to hold the plaintiff up to scorn, ridicule and contempt. More v. Bennett, 48 N. Y., 412. Each cause of action in the complaint contains several sets of actionable words, of which the words contained in the sentence above quoted constitutes one set; and proof upon the trial of the publication of that sentence only would make out a cause of action, and hence the defendant has the right to justify the statements continued in that sentence. Jaycocks v. Ayers, 1 How., Pr., 215.
The matters contained in paragraph fifteen of the answer se,em to me to be properly pleaded in mitigation of damages.
As the complaint, in effect, charges that the whole arti- ' cle was libellous, I do not think the sixteenth paragraph of the answer is obnoxious to the objections that the allegations therein contained are indefinite or uncertain.
As the article was published in German, and the defendant denies the correctness of the translations, the denials of the answer that the article charges to the tenor and effect as set forth in the complaint are not immaterial. '
It follows from the above views that the motion, in every branch of it, should be denied, with ten dollars costs.